Leroy B. & Karen K. CREST, husband and wife, and Paul A. & Janice M. Reeder, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C82–499T.

United States District Court, W.D. Washington.

Aug. 23, 1983.

Edward M. Lane, W. Roger Johnson, Johnson, Lane & Gallagher, Tacoma, Wash., for plaintiffs.

Gene S. Anderson, U.S. Atty., Seattle, Wash., David A. Slacter, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION

TASHIMA, District Judge.

This is an income tax refund suit to recover deficiencies assessed by the Internal Revenue Service ("IRS") for the years 1976, 1977 and 1978. Plaintiffs Crest and Reeder[1] are partners in several Income Real Estate Partnerships ("IREP"), each of which owns and operates a residential apartment complex in the Tacoma, Washington area. On their respective tax returns, each plaintiff reported his allowable share of partnership income and depreciation deductions from each IREP. The IRS determined that plaintiffs had calculated incorrectly the amount of the depreciation deductions to which they were entitled. It adjusted the deductions and assessed the deficiencies at issue here.

▪ Section 167(a) of the Internal Revenue Code permits as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear, including obsolescence, of property used in a trade or business. A taxpayer may elect to use the component or the composite method of computing depreciation. *Shainberg v. Commissioner*, 33 T.C. 241 (1959). The component method allows the taxpayer to treat each component of an asset as a separate account and depreciate each component individually. Under the composite method, a single overall rate is applied to an entire asset, such as an apartment house, and depreciation is calculated from this figure. Plaintiffs computed the depreciation for each IREP by the component method.

One factor which enters into the calculation of depreciation and the only factor with respect to which the parties disagree, is useful life. Useful life has been defined as the number of years an asset is expected to be useful to the taxpayer in his trade or business or in the production of his income. *Massey Motors, Inc. v. United States*, 364 U.S. 92, 97–98, 80 S.Ct. 1411, 1414–1415, 4 L.Ed.2d 1592 (1960); *Donald P. Huene*, 1979 T.C.M. (P–H) ¶ 79,302. *See* Treas. Reg. § 1.167(a)–1(b), 26 C.F.R. 775 (1982). Plaintiffs divided each IREP's assets into building and non-building components and assigned useful lives to the various components listed under these headings. The IRS determined that most of these assigned useful lives were too low and assigned different, higher lives,[2] thereby reducing the amount of yearly depreciation plaintiffs could deduct. The only issue presented for decision is whether the IRS erred in adjusting the useful lives of the component assets.

▪ The determination of useful life is one of fact. Plaintiffs contend that the IRS erred in adjusting their calculation of useful lives because there was no clear and convincing basis for redetermination. Although the IRS generally accepts the depreciation schedule as fixed by the taxpayer, it is not bound to do so, and may make adjustments if there is a "clear and convincing" basis for adjustment. *Merchants National Bank v. Commissioner*, 554 F.2d 412, 415 (10th Cir.1977). As is apparent from Appendix A, the IRS made significant changes in the useful lives for most of the IREP components. The useful lives determined by the IRS agent auditing plaintiffs' returns is substantiated by those found in

---

1. Crest plaintiffs and Reeder plaintiffs are both husband and wife who filed joint returns. For convenience, husband and wife plaintiffs are referred to in the singular.

2. A list of the component assets of IREP # 1 and each party's assigned useful life for each component is set forth in Appendix A. The component list, except for the percentage breakdown of electrical and plumbing, is plaintiffs.

the IRS Guideline Class Lives. Because the difference between the useful lives as determined by the parties is so substantial, and because the IRS agent's computations were based both on his own observations of the IREP's and his expertise in the area of useful life evaluation, I find that there was a clear and convincing basis for the adjustment. *See In re Texlon Corp.*, 28 B.R. 525, 83–1 Stand.Fed.Tax Rep. (CCH) ¶ 9267 (S.D.N.Y.Bankr.1983).

■ Once the IRS has redetermined a taxpayer's depreciation deduction, the IRS' determination is presumed correct. The burden rests with the taxpayer to show that the IRS determination is incorrect and that the taxpayer's claimed depreciation deduction is reasonable. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Potts, Davis & Co. v. Commissioner*, 431 F.2d 1222, 1224 (9th Cir.1970); *Dielectic Mat. Co. v. Commissioner*, 57 T.C. 587, 592 (1972). The dispositive issue in this action is whether plaintiffs met this burden.

■ Both plaintiffs, their witness and their accountants testified that the apartment complexes were well-maintained and well-managed, and that they have both a high occupancy rate and a high turnover rate. All of these witnesses testified that the useful lives as set by the IRS were unreasonably high and failed to take into consideration the high turnover rate, the effect of increased energy costs, increased costs occasioned by stricter building regulations, and the economic obsolescence of

the buildings. All of plaintiffs' witnesses also testified that the useful lives relied upon by plaintiffs were reasonable.

The IRS' evidence consisted primarily of the testimony of a general engineer with the IRS and an independent real estate appraiser. Both of these witnesses testified that plaintiffs' figures were unreasonably low in that they failed to consider that good management would extend the life of the building, that many of the factors cited by plaintiffs in setting their lower useful lives did not arise until well after the lives had been set, and that many buildings of the same type as those at issue have useful lives of well over the lives set by the IRS.[3] Both of defendant's witnesses testified that the lives relied upon by the IRS were reasonable.

Neither party's evidence is so clear or persuasive as to mandate a ruling in its favor as a matter of law. All of the experts were well qualified and presented reasoned support for their respective positions. I am also mindful that the useful life issue, being one purely of fact, is not susceptible to the exactitude that both parties proffer. As explained above, the IRS' determinations are presumptively correct, and the burden is on the taxpayer to show that the IRS is incorrect. *Welch*, 290 U.S. at 115, 54 S.Ct. at 9. Because, on this record, I am unable to find that plaintiffs have met this burden, I find that the useful lives of the IREPs are those assigned by the IRS in its audit of plaintiffs' tax returns. Accordingly, judgment will be entered in defendant's favor.

---

**3.** The IRS cites Revenue Ruling 68–4, 68–1, C.B. 746, as further support for its conclusion that plaintiffs' useful lives are unreasonable. This ruling states that regardless of whether the taxpayer uses the component or composite method, the depreciation deductions derived from these methods should be substantially the same. Therefore, the IRS argues, plaintiffs' useful lives must be incorrect, since a composite figure drawn from plaintiffs' component lives is much lower than that of the IRS guideline figures for composite lives for buildings in the same class as plaintiffs'. Although the IRS introduces these calculations to show the unreasonableness of the useful lives employed by plaintiffs, the comparison, in effect, does no more than reassert the IRS' view that the useful lives assigned by plaintiffs were excessively low—because the IRS' position rests on the premise that the composite lives in the IRS guidelines are accurate. Because I conclude that the plaintiffs have failed to meet their burden of showing that the IRS component life assignments are incorrect, I do not reach the issue of whether Revenue Ruling 68–4 independently mandates a conclusion that plaintiffs' figures are incorrect.

## APPENDIX A

### INCOME REAL ESTATE
### PARTNERSHIP # 1

| ASSET | | | USEFUL LIFE | |
| --- | --- | --- | --- | --- |
| Building Components | | | Taxpayer | IRS |
| Structure | | | 33 | 55 |
| Sheetrock | | | 15 | 55 |
| Electrical | 70% | ) | | 55 |
| | 30% | ) | 15 | 20 |
| Plumbing | 60% | ) | | 20 |
| | 40% | ) | 15 | 55 |
| Windows | | | 15 | 55 |
| Cabinets and millwork | | | 10 | 25 |
| Roofing | | | 15 | 15 |
| Non-Building Components | | | | |
| Paving | | | 6 | 20 |
| Sauna | | | 5 | 10 |
| Furniture | | | 3 | 6 |
| Furniture | | | 4 | 6 |
| Fire extinguishers | | | 4 | 7 |
| Landscape and fences | | | 10 | 33 |
| Fencing and curbing | | | 10 | 15 |
| Pool | | | 10 | 20 |
| Appliances | | | 8 | 8 |
| Carpets and drapes | | | 4 | 4 |
| Drapes | | | 4 | 4 |
| Fire extinguishers | | | 4 | 4 |
| Furniture | | | 4 | 4 |

The differences between the parties' figures for the remaining IREPs are substantially the same.